UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

     - v. -                    :     INDICTMENT

HENRY PERDOMO,                    :     07 Cr.

          Defendant.          :     07 CRIM. 767

- - - - - - - - - - - - - - - - - x

*Judge McMahon*

AUG 1 6 2007

## COUNT ONE

The Grand Jury charges:

1.   In or about July 2007, in the Southern District of New York and elsewhere, HENRY PERDOMO, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2.   It was a part and an object of the conspiracy that HENRY PERDOMO, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, approximately one thousand pills containing 3, 4 - methylenedioxymethamphetamine ("MDMA" or "Ecstasy"), in violation of Sections 812, 841(a)(1) and 841(b)(1)(C) of Title 21, United States Code.

### Overt Acts

3.   In furtherance of said conspiracy and to effect the illegal object thereof, the following overt acts, among

others, were committed in the Southern District of New York and elsewhere:

      a. On or about July 18, 2007, a co-conspirator not named as a defendant herein ("CC-1") agreed to sell approximately 1,000 pills of Ecstasy to a confidential informant ("CI");

      b. Later that day, HENRY PERDOMO, the defendant, provided the CI four ecstasy pills as samples for the 1,000 ecstasy pill transaction agreed upon between CC-1 and the CI.

(Title 21, United States Code, Section 846.)

**FORFEITURE ALLEGATION**

      4. As a result of committing the controlled substance offense alleged in Count One of this Indictment, HENRY PERDOMO, the defendant, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting and derived from any proceeds that the said defendant obtained directly and indirectly as a result of the said violation and any and all property used and intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count One of this Indictment.

<u>Substitute Asset Provision</u>

      5. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      (1) cannot be located upon the exercise of due diligence;

      (2) has been transferred or sold to or deposited with, a third party;

      (3) has been placed beyond the jurisdiction of the court;

      (4) has been substantially diminished in value; or

      (5) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any property of the defendant up to the value of the above forfeitable property.

      (Title 21, United States Code, Sections 841, 846 and 853.)

_____  
FOREPERSON

_____  
MICHAEL J. GARCIA  
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

- v. -

**HENRY PERDOMO,**

Defendant.

---

**INDICTMENT**

07 Cr. _____

(Title 21, United States Code, Section 846)

MICHAEL J. GARCIA
United States Attorney.

**A TRUE BILL**

_____
Foreperson.

---

8/16/07 TLC: Post 11/1/87 indictment filed. Assigned to Judge McMahon.

Peck, MJ.